## Enterprise Manufacturing Company v. Reed, et al.

(Decided April 26, 1916.)

### Appeal from Pike Circuit Court.

Justices of the Peace—Judgment to Sell Property—Protection to Commissioner—Jurisdiction.—A judgment by a justice of the peace in an action in which he had jurisdiction of the parties and of the subject matter ordering a sale of certain specific personal property attached in the action, is a complete protection to the special commissioner directed by the judgment to sell the property, even though the commissioner knows at the time of sale that third parties have or are claiming a prior mortgage on the same property.

J. S. CLINE for appellant.

STATON & PINSON and HOBSON & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant sold to one E. Wellman a saw mill, the transaction taking place in West Virginia, and at the same time took from Wellman a mortgage thereon to secure the deferred payments. The property was removed by Wellman into this State, and the appellant then caused its mortgage, executed in West Virginia, to be recorded in Pike County, the then residence of Wellman and the county to which the property had been removed.

In December, 1912, an equitable action was begun in the Pike circuit court against Wellman on the deferred payments and to foreclose the mortgage.

In April, 1913, a judgment was had in the court of a justice of the peace in Pike county, by one McCoy, against Wellman, and under an order of attachment issued in that proceeding certain parts of the machinery, upon which appellant had a mortgage, were attached to secure McCoy's debt, and thereafter in the justice's court an order of sale was entered, directing the attached property to be sold, and directing a deputy constable to sell the same as the commissioner of the court. This order of sale was executed, McCoy became the purchaser, and thereafter sold the property to Floyd Varney, who is a defendant in this action.

This is an action by the appellant as mortgage-holder against the constable and his deputy and bondsmen

seeking to recover the value of the property sold by the deputy constable under the order of the justice's court, and damages for its removal and detention.

The defendants answered, relying upon the order of sale in the justice's court as a justification of the acts of the deputy constable.

A jury trial was waived, the law and facts were submitted to the court, and a judgment was entered dismissing plaintiff's petition, and it has appealed.

The justice's court had jurisdiction of the action in which the order of sale was entered, the claim therein being only for $61.00, and the only question necessary to pass upon is whether the order of sale was a protection to the commissioner who executed it.

There is some conflict in the evidence as to whether the commissioner at the time of the sale knew of the existence of the prior mortgage, but in our view of the case this is immaterial. He had no alternative except to carry out the orders of the court; it was a direction to him to sell certain specific personal property and is essentially different from a case where he, under an execution, might levy on exempt property or property not belonging to the defendant in the execution and sell the same for the plaintiff's debt. Here he was acting under the specific directions of a court having jurisdiction of the parties and of the subject matter, and was liable to be punished for contempt should he decline to execute the court's order.

It would be a strange doctrine to require of an executive officer that before he would execute an order of a court that he should inquire into the rights of third parties, and make himself the judge of whether their rights were being violated.

The judgment in the justice's court and the sale thereunder did not deprive the appellant of its prior lien if it was valid in other respects; it only temporarily deprived the mortgagor of the possession of the personal property, and appellant instead of following the property and enforcing its lien in the hands of the holder has mistaken its remedy and has sought to hold the commissioner of the court liable because he executed the orders of the court.

Judgment affirmed.